UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-0262 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| CALVIN JAMES FERGUSON, | |
| Defendant. | |

David P. Steinkamp, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Calvin Ferguson, pro se.

Defendant Calvin Ferguson previously pleaded guilty to being a felon in possession of a firearm.  ECF Nos. 33, 80.  The Court sentenced Ferguson to 46 months' imprisonment.  ECF No. 47.  This matter is before the Court on Ferguson's motion for compassionate release.  ECF Nos. 89, 90.

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction."  Like thousands of prisoners, Ferguson argues that the coronavirus pandemic presents an extraordinary and compelling reason to release him from prison.  Specifically, Ferguson alleges that he has chronic asthma and that prisons are inherently

dangerous places to be during this pandemic, as they are not conducive to social distancing.  *See* ECF Nos. 89, 90.

But Ferguson is young (36 years old) and has not demonstrated that he suffers from a medical condition that makes him particularly susceptible to COVID-19.  Ferguson's allegation that he suffers from chronic asthma is not corroborated by his Presentence Investigation Report, which makes no mention of asthma.  ECF No. 49 at ¶¶ 73-74.  And Ferguson has not submitted any medical records showing that he has been diagnosed with chronic asthma.  Moreover, the prison in which Ferguson is incarcerated (FCI Oxford) is reporting only one active case of COVID-19.  *See* COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited July 1, 2020).  The Court cannot find that the coronavirus pandemic presents an extraordinary and compelling circumstance warranting a reduction in Ferguson's sentence.

The Court also notes that, before it could grant Ferguson's motion for a sentence reduction, it would need to "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Here, Ferguson committed a very serious crime, and he already received an extremely lenient sentence.  Specifically, when Ferguson pleaded guilty to being a felon in possession of a firearm in 2017, he admitted that, in the early morning hours of June 23, 2016, he fled from a Minnesota

state trooper "at high rates of speed through residential neighborhoods in Minneapolis." ECF No. 33 at 1; *see also* ECF No. 80 at 21-22. "[H]e ran a red light with his headlights off, almost striking a city bus." ECF No. 33 at 1; *see also* ECF No. 80 at 22. Ferguson then "crashed his vehicle into a fire station in south Minneapolis and fled on foot from officers." ECF No. 33 at 1; *see also* ECF No. 80 at 22. It was a miracle that no one was killed. A gun was recovered from Ferguson's vehicle. ECF No. 33 at 2; ECF No. 80 at 22-23. As a convicted felon, Ferguson was not allowed to possess a gun. ECF No. 33 at 2; ECF No. 80 at 22-24. Compounding matters, accompanying Ferguson in the vehicle was a gang member. *See United States v. Ferguson*, 07-CR-0297(5) (DWF/JSM), ECF No. 979 (D. Minn. May 23, 2017). Ferguson had been ordered not to associate with gang members. *Id.*

Ferguson's dangerous high-speed chase, his poor choice of company, and his illegal gun possession all occurred while he was on federal supervised release—a supervised-release term that began a mere eighth months earlier after Ferguson completed a 109-month sentence. ECF No. 33 at 2; *United States v. Ferguson*, 07-CR-0297(5) (DWF/JSM), ECF No. 851 (D. Minn. Apr. 23, 2015). That 109-month sentence apparently failed to persuade Ferguson to make better choices and turn his life around. Given all of this, the Court was inclined to impose a sentence at the top of the guidelines range. Against its better judgment, the Court instead reluctantly honored the request of

both the government and the defense that it impose a sentence at the bottom of the guidelines range.  An even more lenient sentence would not be consistent with § 3553(a).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's request for compassionate release [ECF Nos. 89, 90] is DENIED.

Dated: July 1, 2020
       s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge